IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RAFAEL GOMEZ,<br><br>Plaintiff,<br><br>v.<br><br>PEACHTREE RESTAURANT PARTNERS, LLC,<br><br>Defendant. | Civil Action No.<br><br>1:26-cv-02663-JPB-AWH |

**DEFENDANT'S ANSWER TO COMPLAINT**

**COMES NOW,** Defendant Peachtree Restaurant Partners, LLC ("PRP"), by and through their undersigned counsel, hereby files their Answer to Complaint. Defendant responds to each paragraph in the Complaint as follows:

**NATURE OF THE ACTION**

1. In this action, Gomez asserts claims for: (1) discrimination in violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101, et seq.; (2) failure to engage in the interactive process in violation of the Americans with Disabilities Act; (3) unlawful retaliation in violation of the Americans with Disabilities Act; and (3) unlawful interference with rights under the Family Medical Leave Act ("FMLA").

**RESPONSE**: PRP admits only that Plaintiff brings the referenced claims but denies such claims and denies any violation of law.

## PARTIES

2. Gomez is an individual resident Kansas and submits himself to the jurisdiction of this Court.

**RESPONSE**: Upon information and belief, PRP admits the allegations in Paragraph 2.

3. Peachtree Restaurant Partners, LLC is a domestic limited liability company.

**RESPONSE**: Admitted.

4. PRP may be served through its registered agent: CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046.

**RESPONSE:** Admitted**.**

5. PRP is an employer within the meaning of 42 U.S.C. § 12111 and 29 U.S.C. § 2611(4) because it employs more than fifteen (15) employees and is subject to the ADA.

**RESPONSE**: Admitted.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Gomez's claims under 28 U.S.C. § 1331 because the claims raise questions of federal law.

**RESPONSE**: Admitted.

7. Venue is proper in this division under 28 U.S.C. § 1391(b) and Local Rule 3.1(b), because PRP resides in this division or a substantial part of the events or omissions giving rise to the claims occurred in this division.

**RESPONSE**: PRP admits only that venue is proper in this Court. PRP denies any remaining allegations.

8. Personal jurisdiction exists over PRP because it has sufficient minimum contacts with the state of Georgia to confer personal jurisdiction.

**RESPONSE**: Admitted.

9. PRP conducts business throughout Georgia, is registered to do business in Georgia, and maintains a registered agent in Georgia.

**RESPONSE**: Admitted.

10. PRP contracts with and employs Georgia residents, has Georgia customers, markets to residents of Georgia, and owns real property in Georgia.

**RESPONSE**: Admitted.

11. Further, PRP has consented to the jurisdiction of this Court because it is registered to do business in Georgia.

**RESPONSE**: PRP admits only that this Court has jurisdiction.

## ADMINISTRATIVE REMEDIES

12. On March 24, 2026, Plaintiff timely filed a Charge of Discrimination alleging disability discrimination and retaliation with the United States Equal Employment Opportunity Commission ("EEOC") in violation of the ADA.

**RESPONSE**: Paragraph 12 constitutes a legal conclusion which does not require a response from PRP.

13. A Notice of Right to Sue notice was issued on April 6, 2026. This lawsuit is timely filed.

**RESPONSE**: Paragraph 13 constitutes a legal conclusion which does not require a response from PRP.

## FACTUAL BACKGROUND

14. PRP owns and operates IHOP franchises.

**RESPONSE**:

15. PRP hired Gomez as an Area Director in January of 2021.

**RESPONSE:** [Denied].

16. Gomez joined the company when it had just 5 IHOP locations.

**RESPONSE**: Denied.

17. Gomez was an instrumental team member in helping PRP grow to 71 IHOP locations.

**RESPONSE**: Denied.

18. Gomez was promoted to Director of Training and Development in June of 2024.

**RESPONSE**: Admitted that Plaintiff was promoted to the Director of Training position for a period of time but subsequently was reassigned to a Director of Operations position.

19. Gomez suffers from a history of alcoholism and cirrhosis of the liver.

**RESPONSE**: PRP lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 and therefore denies same.

20. Gomez was sober for 10 years, until late last year.

**RESPONSE**: PRP lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 and therefore denies same.

21. Gomez's alcoholism and cirrhosis affect multiple activities of daily living, including, without limitation, daily hygiene, sleeping, and eating.

**RESPONSE**: PRP lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 and therefore denies same.

22. Gomez's alcoholism qualifies as a disability under the ADA.

**RESPONSE**: The allegations in Paragraph 22 constitute a legal conclusion which do not require a response from PRP.

23. In late 2025, Gomez was facing a variety of deeply personal family issues, including a terminally ill sister and his mother's failing health.

**RESPONSE**: PRP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies same.

24. To cope with the stress, Gomez turned to alcohol.

**RESPONSE:** PRP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies same.

25. One month into his relapse, Gomez knew that his relapse was not sustainable.

**RESPONSE**: PRP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies

26. On January 26, 2026, Gomez notified his manager Jeremy Wallace about his health issues and mental state.

**RESPONSE**: Denied.

27. In the same conversation, Gomez told Wallace that he was going to enter into a treatment program.

**RESPONSE**: Denied.

28. Wallace told Gomez that he would notify PRP Human Resources of the paperwork for his absence.

**RESPONSE**: Denied.

29. On February 2, 2026, Gomez entered the treatment program.

**RESPONSE**: PRP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies same.

30. One week later, on February 10, 2026, PRP asked Gomez to come to the office for a meeting and promptly terminated him.

**RESPONSE**: PRP admits only that Plaintiff was terminated on February 10, 2026. PRP denies the remaining allegations in Paragraph 30.

31. PRP's Head of Culture & People, Rich Butler, told Gomez that he was being terminated for not showing up to work.

**RESPONSE**: PRP admits that Butler notified Plaintiff that he was being terminated for job abandonment.

32. Gomez attempted to explain the situation and tell Butler that he had notified Wallace of his absence and that Wallace stated he would notify HR.

**RESPONSE**: Denied.

33. Butler refused to allow Gomez to provide any such explanation.

**RESPONSE**: Denied.

**<u>COUNT I: VIOLATION OF THE ADA</u>**

34. Gomez incorporates by reference the preceding allegations as if fully restated herein.

**RESPONSE**: PRP incorporates its responses to Paragraphs 1 through 33 as if fully set forth herein.

35. PRP is an employer as that term is defined under the ADA.

**RESPONSE**: Admitted.

36. Gomez suffers from alcoholism and cirrhosis, which are disabilities that substantially limit several major life activities.

**RESPONSE**: PRP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies same.

37. At all times material to this action, Gomez was a qualified person with a known disability based on his record of disability, including his diagnosis of alcoholism and cirrhosis which were disclosed to his manager just eight (8) days prior to his termination.

**RESPONSE**: Denied.

38. PRP also regarded Gomez as disabled due to his alcoholism, treatment, and restrictions related to his disability.

**RESPONSE**: Denied.

39. PRP terminated Gomez because of his disability.

**RESPONSE:** Denied.

40. Gomez has exhausted all administrative prerequisites prior to filing this action, including filing a charge of discrimination with the EEOC within 180 days of his termination, and filing this action within ninety (90) days of receiving his Notice of Right to Sue Letter from the EEOC.

**RESPONSE:** The allegations in Paragraph 40 constitute a legal conclusion which do not require a response from PRP.

41. Gomez is entitled to recover from PRP all damages proximately resulting from its discriminatory treatment, including lost pay, benefits, mental and emotional distress, lost opportunity for advancement, and reasonable attorneys' fees and costs.

**RESPONSE:** Denied.

**COUNT II: FAILURE TO ENGAGE IN INTERACTIVE PROCESS UNDER ADA**

42. Gomez incorporates by reference the preceding allegations as if fully restated herein.

**RESPONSE:** PRP incorporates its responses to Paragraphs 1 through 41 as if fully set forth herein.

43. Upon learning of Gomez's disability, PRP had an obligation under the ADA to engage in a good-faith interactive process with Gomez to identify and implement reasonable accommodation that would enable him to continue performing the essential functions of his position.

**RESPONSE:** Denied.

44. PRP failed and refused to engage in an interactive process regarding the essential functions of the position for Gomez.

**RESPONSE:** Denied.

45. PRP made no inquiry into the nature of Gomez's conditions, the restrictions imposed by his treating physicians, the duration of any necessary leave or modified duties, or the availability of any reasonable accommodation.

**RESPONSE:** Denied.

46. PRP terminated Gomez's employment without exploring whether a reasonable accommodation would have allowed Gomez to perform the essential functions of the position.

**RESPONSE:** Denied.

47. Gomez is entitled to recover from Defendant all damages proximately resulting from Defendant's discriminatory treatment, including lost pay, benefits, mental and emotional distress, lost opportunity for advancement, and reasonable attorneys' fees and costs.

**RESPONSE:** Denied.

## COUNT III: ADA RETALIATION

48. Gomez incorporates by reference the preceding allegations as if fully restated herein.

**RESPONSE:** PRP incorporates its responses to Paragraphs 1 through 47 as if fully set forth herein.

49. Gomez engaged in protected activity under the ADA when he directly disclosed his diagnoses of alcoholism and cirrhosis to his manager.

**RESPONSE:** Denied.

50. PRP terminated Gomez only eight (8) days after receiving notice of his disability and need for accommodation.

**RESPONSE:** Denied.

51. The close temporal proximity between Gomez's protected activity and his termination is sufficient to establish a causal connection.

**RESPONSE:** Denied.

52. PRP has not offered a legitimate non-retaliatory reason for terminating Gomez.

**RESPONSE:** Denied.

53. PRP's unlawful conduct caused Gomez to suffer lost wages and benefits, reduced future wages, and lost opportunities for advancement.

**RESPONSE:** Denied.

54. PRP is liable to Gomez for lost back pay and benefits, reinstatement or lost front pay, liquidated damages, and attorneys' fees and costs.

**RESPONSE:** Denied.

## COUNT IV: FMLA INTERFERENCE

55. Gomez incorporates by reference the preceding allegations as if fully restated herein.

**RESPONSE:** PRP incorporates its responses to Paragraphs 1 through 54 as if fully set forth herein.

56. The FMLA entitles eligible employees to up to twelve weeks of unpaid leave.

**RESPONSE:** Admitted.

57. PRP is an employer as defined by the FMLA, 29 U.S.C. § 2611(4).

**RESPONSE:** Admitted.

58. Gomez was eligible for FMLA leave.

**RESPONSE:** PRP admits that Plaintiff was an eligible employee within the meaning of the FMLA but denies that Plaintiff ever requested FMLA leave or otherwise provided notice that Plaintiff may need leave for an FMLA qualifying reason.

59. FMLA regulations provide that "when the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances." 29 C.F.R. § 825.300(b)(1).

**RESPONSE:** The allegations in Paragraph 59 constitute a legal conclusion which do not require a response from PRP.

60. Based on the above facts, PRP interfered with Gomez's federally protected right to FMLA leave by failing to notify Gomez of his eligibility for FMLA during his treatment program.

**RESPONSE:** Denied.

61. PRP's unlawful conduct caused Gomez to suffer lost wages and benefits, reduced future wages, and lost opportunities for advancement.

**RESPONSE:** Denied.

62. PRP is liable to Gomez for lost back pay and benefits, reinstatement or lost front pay, liquidated damages, and attorneys' fees and costs.

**RESPONSE**: Denied.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

a) That Defendant be found to have willfully and intentionally violated Plaintiff's rights under the ADA and FMLA;

b) That judgment be entered in favor of Plaintiff and that Plaintiff be awarded economic damages for his lost wages and lost retirement contributions and compensatory damages in an amount to be proven at trial;

c) That Plaintiff be awarded punitive damages in an amount to be decided by the enlightened conscience of a jury at trial;

d) That liquidated damages be awarded to Plaintiff in accordance with the FMLA;

e) That Plaintiff be awarded pre- and post- judgment interest at the maximum rates allowable by law;

f) That Plaintiff be awarded his attorneys' fees and expenses of litigation under the fee-shifting provisions of the ADA and FMLA; and

g) Such other and further relief as this Court deems just and proper.

**RESPONSE**: Defendant denies that Plaintiff is entitled to any of the relief requested in the section entitled "PRAYER FOR RELIEF."

## GENERAL DENIAL

All other allegations, claims and prayers contained in Plaintiff's Complaint that have not been specifically admitted or denied are hereby denied in their entirety.

## ADDITIONAL DEFENSES

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. To the extent that any of Plaintiff's claims involve acts or events or seek damages for periods of time outside the applicable statutory limitations period, Plaintiff's claims (or damages for those claims) are barred.

3. To the extent that Plaintiff failed to fully exhaust his administrative remedies, Plaintiff's claims are barred.

4. Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of or are inconsistent with the Charge of Discrimination the Plaintiff filed with the EEOC.

5. While Defendant expressly denies any wrongdoing on the part of its employees, any acts which may be found to violate any law were not known nor should have been known by Defendant.

6. Plaintiff's claims are barred to the extent that the alleged acts are, in whole or in part, outside the scope of employment. Plaintiff's claims are further barred because Defendant neither ratified nor authorized any alleged misconduct.

7. Plaintiff's claims are barred because Defendant's treatment of Plaintiff was based on legitimate, non-discriminatory and non-retaliatory reasons.

8. Defendant contends that no discriminatory or retaliatory employment decisions were made in this matter. Defendant may not be held vicariously liable for damages based on unlawful employment decisions made by its managerial

agents, if any are proven, because any such unlawful decisions were contrary to Defendant's policies and good faith efforts to comply with the law.

9. Plaintiff's discrimination and/or retaliation claims are barred, in whole or in part, because Defendant has adopted, effectively disseminated, and enforced an anti-discrimination and anti-retaliation policy and Defendant neither knew nor had any reason to know of the alleged acts or omissions complained of in this matter.

10. Plaintiff's discrimination and/or retaliation claims are barred, in whole or in part, Defendant exercised reasonable care to prevent and correct any alleged discriminatory or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant, or to otherwise avoid harm.

11. Notwithstanding Defendant's denial and defenses herein, to the extent that Plaintiff established that his alleged protected activity was a motivating factor for any challenged employment decision, which Defendant denies, Defendant affirmatively states that it would have taken the same action in the absence of the impermissible motivating factor.

12. To the extent that any recovery of Plaintiff's Complaint may be either completely or substantially barred due to after-acquired evidence, any recovery to which Plaintiff may be otherwise entitled must be appropriately offset.

13. Plaintiff's claims for monetary relief are barred to the extent Plaintiff failed to mitigate asserted damages.

14. Plaintiff's claims for monetary relief are offset by any earnings, severance pay, unemployment compensation, and any other pay or benefits as required by law.

15. Defendant may not be held liable for any alleged injuries or damages resulting from the effects of Plaintiff's preexisting emotional, psychological, or physical conditions not the result of any act or omission of Defendant.

16. To the extent Plaintiff seeks compensatory damages for future pecuniary losses and emotional distress, the Complaint fails to allege facts sufficient to allow recovery of such compensatory damages against Defendant.

17. Plaintiff is not entitled to liquidated damages under the FMLA because any acts or omissions giving rise to this lawsuit were in good faith and with reasonable basis for believing the acts or omissions did not violate the FMLA.

18. Any award of compensatory or punitive damages under the ADA must be limited or restricted in accordance with the damages' caps set forth in those statutes.

19. Defendant has not engaged in any act, practice, policy, or custom which has denied, abridged, withheld, limited, or otherwise interfered with any of

Plaintiff's rights under the ADA or any other federal, state, or local statutory or common law.

20. Plaintiff's claims are barred to the extent he cannot demonstrate a causal connection between any adverse employment action and any activity protected under the ADA or any other federal, state, or local statutory or common law.

21. Plaintiff is not entitled to equitable relief to the extent she has adequate remedies at law.

22. Plaintiff did not request a reasonable accommodation.

23. To the extent an accommodation was required, Defendant made a good faith effort to accommodate Plaintiff. Further, Plaintiff failed to engage in the interactive process. Even if Plaintiff did engage in the interactive process, Plaintiff's request was not reasonable, and even if it was, it may have posed an undue hardship.

24. To the extent any decision was based on or related to a qualification standard that is job related and consistent with business necessity, Defendant did not violate the ADA.

25. Defendant reserves the right to amend its Answer to respond further and to assert additional defenses as may be revealed during litigation.

WHEREFORE, having fully answered Plaintiff's Complaint and having asserted its additional defenses thereto, Defendant respectfully requests that the Court deny all relief requested in the Complaint, enter judgment in Defendant's favor, and grant Defendant such other relief as may be deemed just and appropriate.

Respectfully submitted this 4th day of June, 2026.

*/s/ Edward N. Boehm, Jr.*
Edward N. Boehm, Jr.
Georgia Bar No. 183411
Evan A. Alberhasky
Georgia Bar No. 193972
FISHER & PHILLIPS LLP
1230 Peachtree Street, N.E.
Suite 3300
Atlanta, GA 30309
Tel: 404-231-1400
Fax: 404-240-4249
tboehm@fisherphillips.com

COUNSEL FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2026, I electronically filed this **Defendant's Answer to Complaint** with the Clerk of Court by using the CM/ECF system, which will automatically serve all counsel of record:

J. Daniel Cole
dcole@pcwlawfirm.com
Gabrielle Hawkridge
ghawkridge@pcwlawfirm.com

PARKS, CHESIN & WALBERT, P.C.
1335 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404-873-8000

*/s/ Edward N. Boehm, Jr.*
Edward N. Boehm, Jr.
Georgia Bar No. 183411
Fisher Phillips, LLP